RECEIVED
IN ALEXANDRIA, LA
JUN 10 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FRED L. FAIRLEY, aka FRED LEE FAIRLEY, III LA. DOC #391401 VS. WARDEN, CLAIBORNE PARISH DETENTION CENTER | CIVIL ACTION NO. 09-0500 SECTION P JUDGE DRELL MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Fred L. Fairley, proceeding *in forma pauperis*, filed the instant petition for habeas corpus pursuant to 28 U.S.C. §2254 on March 30, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Claiborne Parish Detention Center. Petitioner attacks his 2005 armed robbery conviction in the Ninth Judicial District Court, Rapides Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

Petitioner was charged by Bill of Information with Armed Robbery with a Firearm (La. R.S.14:64.3). [rec. doc. 1-4, p. 1] On September 13, 2005 petitioner waived trial by jury and a bench

trial commenced. On September 14, 2005 petitioner was found guilty as charged. [rec. doc. 1-4, pp. 2-3] On October 10, 2005 petitioner was sentenced to serve 18 years at hard labor without benefit of parole. [rec. doc. 1-4, p. 3]

On August 17, 2006, petitioner's attorney filed a Motion for Appeal in the District Court. [rec. doc. 1-3, p. 2] That Motion was granted by the trial court on August 23, 2006. [rec. doc. 1-3, p. 3]

In due course, the matter was lodged in Louisiana's Third Circuit Court of Appeals. On October 23, 2006, the Court of Appeals issued a rule to show cause why the appeal should not be dismissed as untimely. Petitioner, through counsel, filed a brief arguing that the petitioner should not be punished for his counsel's failure to timely appeal. On December 6, 2006, the Third Circuit dismissed the appeal as untimely and remanded the matter to the trial court for further proceedings. The Court concluded its order as follows, "Defendant is to be permitted an opportunity to amend his motion for appeal to comply with the requirements of La.Code Crim.P. arts. 924-930.8, and the State is to be given an opportunity to contest the granting of an out-of-time appeal." [State of Louisiana v. Fred Lee Fairley, III, 2006-01349 (La. App. 3 Cir. 12/6/2006), 943 So.2d 1278 (Table); see also slip opinion at rec. doc. 1-4, pp. 14-18]

On January 5, 2007, petitioner, through counsel, applied for

writs to the Louisiana Supreme Court, arguing the following claim for relief, "The court of appeal erred in that the trial court did not abuse its discretion in granting an out of time appeal to the defendant who had filed a request for appeal within the time delay for post conviction relief, and whose appointed counsel also filed for an appeal, but did so outside of any particular form for post conviction relief." [rec. doc. 1-4, pp. 4-13]

On September 21, 2007 the Louisiana Supreme Court denied writs. <u>State of Louisiana v. Fred Lee Fairley, III</u>, 2007-0052 (La. 9/21/2007), 964 So.2d 330. [see also rec. doc. 1-4, p. 19]

Petitioner apparently did not seek reinstatement of his lapsed appeal rights through an application for post-conviction relief as he was directed by the Court of Appeals. [see rec. doc. 1, ¶7; rec. doc. 4, ¶7]

On March 30, 2009 petitioner filed the instant *pro se* petition for *habeas corpus* pursuant to 28 U.S.C. §2254 arguing four claims for relief: (1) denial of the right to appeal; (2) ineffective assistance of counsel; (3) insufficiency of the evidence; and (4) excessive sentence. [rec. doc. 1, ¶5(a), (b), (c), and (d)].

### *Law and Analysis*

### *1. Limitations - 28 U.S.C. §2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).

Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson,

---

[1] Nothing in the record suggests that State created impediments prevented petitioner from timely filing this petition (see §2244(d)(1)(B)). Nor does it appear that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. (see § 2244(d)(1)(C)). Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered.(see 28 U.S.C. § 2244(d)(1)(D)).

159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence within 30 days of his sentencing on October 10, 2005 as required by Louisiana law. Therefore, for AEDPA purposes, petitioner's judgment of conviction and sentence, "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], on or about November 10, 2005 when that 30 day period for filing a motion for appeal lapsed.[2] Under 28 U.S.C. §2244(d)(1) petitioner had one year, or until November 10, 2006 to file his federal *habeas* petition.

Sometime in December 2005, petitioner filed a *pro se* motion for appeal and request for transcripts. [rec. doc. 1-4, p. 8[3]] It appears that this motion was denied, however, the date it was denied has not been alleged. Thereafter, court-appointed counsel

---

[2] See La. C.Cr.P. art. 914(B) which provides, "The motion for an appeal must be made no later than: (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken..."

[3] Petitioner has not provided the details of this pro se motion; however, his court-appointed appellate attorney alleged this fact in his writ application filed in the Louisiana Supreme Court.

filed a "motion for out-of-time appeal" in the District Court on August 17, 2006. As noted above, the District Court granted this motion, however, the Court of Appeals dismissed the appeal as untimely and instructed petitioner to return to the District Court and seek re-instatment of his lapsed appeal rights through an application for post-conviction relief filed pursuant to La. C.Cr.P. arts. 924 *et seq.*[4] Instead of heeding this advice, petitioner, through court-appointed appellate counsel, sought review of the Third Circuit's order in the Louisiana Supreme Court. [rec. doc. 1-4, pp. 4-13] That Court denied petitioner's writ application on September 21, 2007. [rec. doc. 1-4, p. 29] In other words, it does not appear that petitioner was able to re-instate his lapsed rights to an appeal because he did not file an application for post-conviction relief in the District Court [see rec. doc. 1, ¶7] as he was instructed to do. [see State v. Fairley, at rec. doc. 1-4, pp. 17-18, "Defendant's appeal is hereby dismissed and this case is remanded to the trial court for further proceedings. Defendant is to be permitted an opportunity to amend his motion for appeal to comply with the requirements of

---

[4] As noted by the Court of Appeals, "Once Defendant's conviction and sentence became final, he could no longer obtain an appeal by simply filing a motion for appeal. [citation omitted] Defendant must first obtain reinstatement of his right to appeal by way of a properly filed application for post-conviction relief. [citations omitted]" [State v. Fairley, at p. 1; rec. doc. 1-4, p. 16]

6

La.Code Crim.P. arts. 924-930.8."][5]

Nevertheless, it appears that petitioner may be entitled to the benefits of statutory tolling pursuant to §2244(d)(2) which provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

If petitioner is afforded the benefit of the doubt, and he shall be for the purposes of this Report, he should be entitled to rely on statutory tolling for the period beginning in December 2005 when he filed his *pro se* "motion for out-of-time appeal" in the District Court and ending with the Louisiana Supreme Court's rejection of his writ application on September 21, 2007. See State of Louisiana v. Fred Lee Fairley, III, 2007-0852 (La. 9/21/2007), 964 So.2d 330. However, once the Supreme Court rejected his application for writs, the AEDPA limitations period commenced anew, and thereafter, petitioner allowed more than two years to elapse before he filed the instant petition in March 2009.

In short, the available evidence establishes that the

---

[5] Had petitioner been successful in reinstating his lapsed appeals rights by the proper and timely filing of an application for post-conviction relief in the District Court, the AEDPA limitations period would have been started anew upon the conclusion of direct review. See Jimenez v. Quarterman, ___ U.S. ___, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). Since petitioner did not comply with the Court of Appeals' directive, his judgment of conviction and sentence became final 30 days after the imposition of sentence.

instant petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

## 2. *Equitable Tolling*

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting Davis, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See Turner v. Johnson, 177 F.3d 390, 291 (5th Cir.1999); see also Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." Coleman v. Johnson, 184 F.3d 398, 402 (1999), *cert. denied,* 529

U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights. Further, equitable tolling is seldom available to litigants who sit on their rights. Pace v. DiGuglielmo, 544 U.S. 408, 419, 125 S.Ct. 1807, 1815 (2005). As shown above, petitioner allowed over two years to elapse between the time his writ application was denied by the Supreme Court and the time he filed the instant petition.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of either statutory or equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual**

findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana June 9, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE